[Cite as *State v. Pierce*, 2017-Ohio-1036.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104275**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP PIERCE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596302-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 West St. Clair Avenue, Suite 218
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Gittel L. Chaiko
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Phillip Pierce ("appellant"), brings this appeal challenging his conviction for nonsupport of dependents. Specifically, appellant argues that his conviction is not supported by sufficient evidence and against the manifest weight of the evidence, and that the trial court erred by ordering him to pay the full amount of the outstanding child support arrearage in restitution. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** Appellant's daughter, A.P., was born on April 14, 2011. Appellant is A.P.'s father; Brandi Ferrarini ("Ferrarini") is A.P.'s mother and custodial parent. On March 28, 2012, the juvenile court held a hearing to establish paternity and a child support order regarding A.P. Appellant was not present at this hearing. Appellant's paternity of A.P. was established through genetic testing at a probability of 99.99%. The juvenile court established a child support order under which appellant was the obligor and Ferrarini was the obligee. Because appellant was not present at the hearing, the child support order was computed at a minimum wage income. The juvenile court established a child support order in the amount of $267.45 per month plus a 2% administrative county fee. The juvenile court's judgment entry establishing paternity and the child support order was journalized on April 2, 2012. For purposes of the prosecution for criminal nonsupport, the juvenile court's judgment entry was certified by the clerk of courts as a correct copy

on December 17, 2015.

{¶3} On June 4, 2015, the Cuyahoga County Grand Jury returned an indictment charging appellant with one count of criminal nonsupport, a fifth-degree felony in violation of R.C. 2919.21(B), with a furthermore specification alleging that appellant failed to provide support for a total accumulated period of 26 out of 104 consecutive weeks. The indictment identified the time period of the offense as May 1, 2012 to April 30, 2014. Appellant pled not guilty to the indictment.

{¶4} During pretrial proceedings, the trial court referred appellant to the court psychiatric clinic for competency and sanity evaluations, and to determine whether appellant's case was eligible for transfer to the mental health court docket. Furthermore, after appellant's assigned counsel moved to withdraw on the basis that appellant insisted on exercising his right to self-representation, the trial court ordered an evaluation to determine whether appellant was fit to proceed pro se.

{¶5} On October 8, 2015, the trial court granted defense counsel's motion to withdraw and appellant's oral motion to represent himself. Furthermore, the trial court accepted the court psychiatric clinic's findings that appellant understood the nature and objectives of the legal proceedings against him and knowingly, intelligently, and voluntarily waived his right to counsel. The trial court assigned the public defender's office as appellant's standby counsel.

{¶6} Appellant waived his right to a jury trial. A bench trial commenced on January 11, 2016. The state presented the testimony of Ferrarini and Cuyahoga County

Child Support Agency ("CSEA") enforcement officer Amanda Aliff ("Aliff"); appellant did not present any witnesses. At the close of trial, the trial court found appellant guilty of the sole count of criminal nonsupport. The trial court referred appellant to the probation department for a presentence investigation report and set the matter for sentencing.

{¶7} The trial court held a sentencing hearing on February 22, 2016. The trial court heard from the state, appellant's standby counsel, appellant, and Ferrarini. The trial court sentenced appellant to community control sanctions for a period of five years. The trial court imposed the following conditions of appellant's community control: (1) regular drug and alcohol testing; (2) appellant is subject to arrest for positive drug or alcohol test; (3) appellant must obtain/maintain employment and provide proof of employment to the probation department; (4) appellant to pay $327.36 per month in child support pursuant to the juvenile court's child support order;[1] (5) appellant to pay child support arrearages in the amount of $11,298.37; and (6) the trial court is to be immediately notified in the event that appellant fails to follow any of the aforementioned conditions of community control. The trial court advised appellant that a violation of the terms and conditions of community control may result in more restrictive sanctions or a prison term of one year.

{¶8} On March 23, 2016, appellant filed the instant appeal challenging the trial

---

[1] The state advised the trial court that the original monthly support order of $267.45 was modified to $327.36, which included $54.93 as part of the arrearage. (Tr. 291.)

court's judgment. He assigns two errors for review:

I. There is insufficient evidence to sustain [appellant's] conviction and his conviction is against the manifest weight of the evidence.

II. The trial court committed prejudicial error when it ordered restitution in the amount of $11,298.37, the alleged full amount of the child support arrearage, instead of the amount of non-support during the period of his conviction.

## II. Law and Analysis

### A. Sufficiency

{¶9} In his first assignment of error, appellant argues that his conviction for nonsupport of dependents is not supported by sufficient evidence.

{¶10} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶11} Appellant was convicted of nonsupport of dependents, in violation of R.C. 2919.21(B), which provides, "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." Although the statute does not specify a degree of intent, the Ohio Supreme Court has interpreted the statute to require proof of recklessness. *State v. Collins*, 89 Ohio St.3d 524, 529-530, 733 N.E.2d 1118 (2000); *see State v.*

*Pettway*, 8th Dist. Cuyahoga No. 104335, 2016-Ohio-5422, ¶ 10.   R.C. 2901.22(C) provides the following definition for recklessness:

> [a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature.   A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

Accordingly, the state was required to prove that appellant had a legal obligation to support A.P. and that he breached that obligation.   The state presented the testimony of Ferrarini and Aliff.

{¶12} Ferrarini testified that appellant made one payment of approximately $700 under the child support order.   She explained that she never received cash payments from appellant.

{¶13} Aliff testified that she has worked as a support officer in CSEA's criminal nonsupport unit for eight years.   She stated that she investigated appellant's child support case.   She testified that during a hearing on March 28, 2012, the juvenile court established the parental relationship between A.P. and appellant, the obligor of the child support order.   She explained that the parental relationship between appellant and A.P. was established through genetic testing, and that the probability of paternity was 99.99%.   She testified that after appellant's paternity was established, the trial court issued a child

support order for $267.45 per month. She stated that Ferrarini was A.P.'s custodial parent and the obligee of the child support order. She asserted that if a party is not present at a hearing during which child support is established, the trial court calculates child support using a minimum wage income.

{¶14} Aliff testified about appellant's payment history under the child support order from May 1, 2012 through April 30, 2014. She explained that appellant's first payment was due on April 15, 2012. She asserted that between May 2012 and April 2014, appellant made one payment in the amount of $696.15 on April 4, 2013. This payment was obtained from appellant's bank account. She testified that appellant made additional payments under the child support order that were outside of the time period specified in the indictment.[2]

{¶15} In support of his sufficiency challenge, appellant argues that the state failed to prove that he had knowledge of the child support order. Appellant contends that "there is no proof in the record that he was served properly and that [he] had actual acknowledgment of the child support order or the arrears." Appellant's brief at 5. We disagree.

{¶16} Initially, we note that knowledge of a support order is not an element of criminal nonsupport under R.C. 2919.21(B). Nevertheless, we find that the state presented direct and circumstantial evidence at trial indicating that appellant was, in fact, aware of the child support order.

---

[2] Appellant made payments from July 15, 2015 to September 28, 2015.

**{¶17}** Circumstantial and direct evidence are of equal probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. Circumstantial evidence is "proof of facts or circumstances by direct evidence from which the trier of fact may reasonably infer other related or connected facts that naturally or logically follow." *State v. Seals*, 8th Dist. Cuyahoga No. 101081, 2015-Ohio-517, ¶ 32, citing *State v. Beynum*, 8th Dist. Cuyahoga No. 69206, 1996 Ohio App. LEXIS 2143 (May 23, 1996); *see also State v. Hartman*, 8th Dist. Cuyahoga No. 90284, 2008-Ohio-3683, ¶ 37, quoting *State v. Griesheimer*, 10th Dist. Franklin No. 05AP-1039, 2007-Ohio-837, ¶ 26 ("'Circumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind.'"). The Ohio Supreme Court "has 'long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 13, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

**{¶18}** Ferrarini testified at trial that the juvenile court held a hearing to establish a child support order for A.P. She stated that she attended the hearing and that appellant stayed home with A.P. Ferrarini asserted that appellant knew that the child support hearing was taking place. She explained that she notified appellant about the hearing, and that he asserted "no judge will tell him what he will and will not pay for his child." (Tr. 117.)

{¶19} Ferrarini testified that she discussed the child support order with appellant. She opined that appellant knew that there was a child support order in place for A.P. based on these discussions and appellant's statements regarding the support order. Ferrarini explained that she accessed the CSEA system on her cellphone and showed appellant the amount of child support arrearages he owed under A.P.'s child support order while the two were shopping at Home Depot in 2014. She stated that the child support arrearages were approximately $10,000 at the time of the Home Depot incident. Ferrarini further asserted that appellant would joke about putting his money into a business account so that CSEA would not be able to access it.

{¶20} Aliff testified that "[appellant] had been properly served but [he] failed to appear [at the March 28, 2012 hearing]." (Tr. 187.) The juvenile court's April 2, 2012 journal entry — which set forth the parental relationship between appellant and A.P. and A.P.'s child support order that the trial court established during the March 28, 2012 hearing — provides, in relevant part, "the [appellant] has been properly served and * * * has failed to file an answer and has failed to otherwise enter an appearance in this action."

{¶21} Appellant further argues that the state failed to prove the amount of child support that he owed. Specifically, appellant contends that "[t]he state failed to support its case with evidence of the actual amount [appellant] owed in child support from May 1, 2012 to April 30, 2014." Appellant's brief at 5. We disagree.

{¶22} Initially, we note that evidence of the actual amount of child support that a defendant failed to pay is not an element of criminal nonsupport under R.C. 2919.21(B).

Nevertheless, we find that the state presented sufficient evidence of the amount of child support that appellant was obligated to pay between May 1, 2012 and April 30, 2014 through Aliff's testimony alone.

**{¶23}** Aliff testified that appellant was obligated to pay monthly child support in the amount of $267.45 from May 1, 2012 through April 30, 2014. Aliff asserted that during this period of time, appellant made one payment in the amount of $696.15 on April 4, 2013. Aliff testified that as of December 31, 2015, appellant's arrearages under the child support order were $11,024.50.

**{¶24}** As noted above, the state was required to prove that appellant had a legal obligation to support A.P. and that he breached that obligation. After reviewing the record, and viewing the evidence in a light most favorable to the state, we find that a rational trier of fact could have determined beyond a reasonable doubt that appellant was guilty of criminal nonsupport. Accordingly, appellant's criminal nonsupport conviction is supported by sufficient evidence.

### B. Manifest Weight

**{¶25}** Appellant further argues in his first assignment of error that his criminal nonsupport conviction is against the manifest weight of the evidence.

**{¶26}** In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, at ¶ 12. A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving

conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 388, 678 N.E.2d 541. A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶27}** Although we review credibility when considering the manifest weight of the evidence, we are cognizant that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. The trier of fact may take note of any inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶28}** In support of his manifest weight challenge, appellant contends that the evidence adduced at trial demonstrated that he supported his child "when necessary." Appellant's brief at 5. Specifically, appellant contends that he "bought [A.P.] clothes and had numerous visits with [her]. He watched [A.P.] so [Ferrarini] could go on a date, and he took [Ferrarini and A.P.] to New York on New Year's Eve[.]" Appellant's brief at

{¶29} Initially, we note that appellant's argument is misplaced. While the Ohio Revised Code recognizes a defendant-obligor's inability to pay as an affirmative defense to criminal nonsupport — R.C. 2919.21(D) — there is no such defense for paying "when necessary." Furthermore, to the extent that appellant contends that he supported A.P. "when necessary," he did not present any evidence at trial to support this theory.

{¶30} Ferrarini acknowledged that appellant bought A.P. a Halloween costume and Christmas presents in 2013, three school outfits when A.P. started a pre-kindergarten program, one pair of boots, and one pair of high-heel shoes. However, as noted above, Ferrarini asserted that she never received cash payments from appellant and that appellant only made one payment of approximately $700 under the child support order.

{¶31} Ferrarini testified that A.P. primarily wears hand-me-down clothing and that she uses food stamps to provide food for A.P. She stated that her parents provide significant financial assistance with her utility bills, and that without her parents' financial contributions, "we would pretty much be in a homeless shelter with nothing." (Tr. 136.)

{¶32} Finally, appellant contends that "there is no competent, credible evidence for the trier of fact to conclude that he knew of the child support obligation[.]" Appellant's brief at 5. We disagree. As noted above, the state presented direct and circumstantial evidence — through the testimony of Ferrarini and Aliff — to demonstrate that appellant had knowledge of his obligations under A.P.'s child support order.

**{¶33}** After reviewing the record, we cannot say that this is "an exceptional case" in which the trial court clearly lost its way and created such a manifest miscarriage of justice that appellant's criminal nonsupport conviction was against the manifest weight of the evidence. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. The trial court, as the trier of fact, was in the best position to weigh the credibility of Ferrarini and Aliff.

**{¶34}** For all of the foregoing reasons, appellant's first assignment of error is overruled. Appellant's conviction for criminal nonsupport is supported by sufficient evidence and is not against the manifest weight of the evidence.

### C. Restitution

**{¶35}** In his second assignment of error, appellant argues that the trial court erred in ordering him to pay restitution in the amount of $11,298.37 — the alleged full amount of child support arrearage — rather than the amount of arrearage that accrued solely during the period of the offense as stated in the indictment.

**{¶36}** It is well settled that under R.C. 2929.18(A)(1), a trial court's restitution order, entered as part of a defendant's sentence for criminal nonsupport, cannot exceed the child support arrearage that accrued during the time frame of the criminal nonsupport offense. *State v. Lattimore*, 8th Dist. Cuyahoga No. 101321, 2015-Ohio-522, ¶ 6; *State v. Wiley*, 8th Dist. Cuyahoga No. 99576, 2014-Ohio-27, ¶ 80. "A trial court cannot order as restitution any amount of child support arrearage that exceeds the time period of the offenses as stated in the indictment." *State v. Fuller*, 2015-Ohio-523, 27 N.E.3d 574, ¶ 14 (8th Dist.), citing *Wiley* at *id*.

{¶37} The state argues that the trial court ordered appellant to pay the full amount of the child support arrearage, $11,298.37, as a condition of appellant's community control, rather than as restitution.   We agree.

{¶38} This court has held that when the trial court orders payment as a condition of community control, rather than as restitution, the trial court has the discretion to order the payment of the entire child support arrearage, *even that which exceeds the time period of the offense*.   *Fuller* at ¶ 15.   *Accord Lattimore* at ¶ 7.   "A trial court has discretion to impose conditions of community control that (1) relate reasonably to rehabilitating the offender, (2) relate to the crime for which the offender was convicted, and (3) relate to conduct that is criminal or to future criminality and serve the ends of probation."   *State v. Stewart*, 10th Dist. Franklin No. 04AP-761, 2005-Ohio-987, ¶ 12, citing *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990).

{¶39} In the instant matter, during appellant's sentencing hearing, the state requested that appellant be ordered to comply with the $327.36 monthly child support order as a condition of his community control supervision.   (Tr. 290.)   Furthermore, the state requested that "[appellant] be ordered to pay his arrearage as a term of his community control sanctions.   According to CSEA's records, [appellant] has arrearage of $11,298.37."   (Tr. 290.)

{¶40} The trial court's statements at the sentencing hearing indicate that it ordered the payment of the total child support arrearage as a condition of community control rather than as a restitution:

I am going to place you on a community control for five years to be supervised by the criminal non-support unit of the adult probation department.

I'm ordering that you pay $327.36 per month for child support pursuant to the juvenile court order that was previously ordered. You're also ordered to pay the arrearage of $11,298.37.

(Tr. 299.)

**{¶41}** Furthermore, unlike *Fuller*,[3] the trial court's sentencing journal entry reflects that it intended the payment of the total arrearage as a condition of community control and not as a restitution order and provides, in relevant part:

[Appellant] is sentenced to 5 year(s) of community control / probation, under supervision of the adult probation department with the following conditions: [appellant] to abide by the rules and regulations of the probation department. Court orders [appellant] to be supervised by: regular supervision unit * criminal non-support unit. * 1. Regular drug testing and alcohol testing at each report date; 2. Arrest on positive drug or alcohol test; 3. Obtain/maintain employment, with proof to probation officer; 4. [Appellant] to pay $327.36 per month for child support pursuant to juvenile court order; 5. [Appellant] to also pay child support arrearages in the amount of $11,298.37; 6. Court to be immediately notified if [appellant] fails to follow any conditions of community control. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 1 year(s) as approved by law.

**{¶42}** Accordingly, the record reflects that the trial court did not order appellant to pay the total amount of arrearage as restitution. Instead, the trial court exercised its discretion to order appellant to pay the $11,298.37 as a condition of appellant's

---

[3] Although the trial court's statements at the sentencing hearing indicated that it intended the payment of the total arrearage as a condition of community control, the trial court's sentencing journal entry included an order of restitution for the total amount of arrearage. *Fuller*, 2015-Ohio-523, 27 N.E.3d 574, at ¶ 17.

community control.

{¶43} Appellant's second assignment of error is overruled.

### III. Conclusion

{¶44} After thoroughly reviewing the record, we find that appellant's conviction for criminal nonsupport is supported by sufficient evidence and is not against the weight of the evidence. The trial court did not err by ordering appellant to pay the total amount of arrearage, $11,298.37, as a condition of appellant's community control.

{¶45} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR