[Cite as *State v. Allen*, 2019-Ohio-2981.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-565 |
| | | (C.P.C. No. 16CR-1339) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jonas Allen, | : | |
| Defendant-Appellant. | : | |

---

## D E C I S I O N

### Rendered on July 23, 2019

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued**: *Valerie Swanson*.

**On brief**: *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued**: *Robert D. Essex*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Jonas Allen, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court, pursuant to a jury trial, found him guilty of non-support of dependents, a violation of R.C. 2919.21, and a fourth-degree felony.

{¶ 2} Appellant has two children, C.A. and M.R., by the same mother. Appellant was ordered to pay child support for both M.R. (case No. 15CR-402) and C.A. (case No. 16CR-1339). The present case regards C.A.'s case.

{¶ 3}   On January 28, 2015, appellant was indicted for non-support of dependents with regard to M.R. and pled guilty to the offense on December 10, 2015. Appellant was sentenced on February 5, 2016.

{¶ 4}   On March 9, 2016, appellant was indicted on one count of non-support of dependents with regard to C.A. A jury trial was held, after which the jury found him guilty on the count as alleged in the indictment. Subsequently, the court held a sentencing hearing. On July 10, 2017, the trial court issued a judgment entry in which it sentenced appellant to five years of community control, ordered appellant to comply with all present and future child support orders, and ordered appellant to pay arrearages of $98,219.72, which the court noted was the combined child-support arrearages for both children. The court then indicated "[t]he total fine and financial sanction judgment is $98,219.72." The court reserved a prison sentence of 12 months. Appellant appeals the judgment, asserting the following assignment of error:

> The trial court erred when it ordered restitution for outstanding arrearages on a child support order for which appellant was not indicted.

{¶ 5}   Appellant argues in his sole assignment of error that the trial court erred when it ordered restitution for outstanding arrearages on the child support order for M.R., for which he was not indicted in the present case.  Appellant contends a court may only order a felony offender to pay restitution for those losses caused by the offense for which the defendant was convicted and sentenced pursuant to R.C. 2929.18(A)(1).

{¶ 6}   The State of Ohio, plaintiff-appellee, counters that appellant's argument is based on the faulty premise the court's order to pay the total child-support arrearages of $98,219.72 was restitution. Instead, the state asserts, the court expressly stated at the sentencing hearing the payment of the arrearage total for both children was not restitution but a condition of his community control, and the court listed the total arrearages as part of the conditions of community control in the judgment entry.

{¶ 7}   We agree with the state's position and believe the record makes the trial court's intent abundantly clear that the order that appellant pay arrearages of $98,219.72 was a condition of community control and not an order for restitution. At the sentencing hearing, the following exchange took place between the prosecutor and the trial court:

> [Prosecutor]: The only other thing I have, Your Honor, is that $98,219.72, I appreciate that the Court is acknowledging that, that is noted as not restitution, but as arrears, correct?
>
> THE COURT: Yes, as arrearage.

(Tr. Vol. IV at 329.)

Furthermore, in the judgment entry, the trial court included the order that appellant pay arrearages of $98,219.72 in the list of community-control sanctions. *See State v. Pierce*, 8th Dist. No. 104275, 2017-Ohio-1036, ¶ 41 (the trial court's sentencing journal entry reflects it intended the payment of the total arrearage as a condition of community control and not as a restitution order when the court included the payment of arrearages in the list of community control conditions). Thus, the record clearly supports the conclusion the order that appellant pay arrearages of $98,219.72 was a condition of community control.

{¶ 8}　Although we could overrule appellant's assignment of error at this juncture and end our analysis, we note the trial court's order for appellant to pay the entire arrearages for both children was well within its discretion as a condition of community control. "A trial court has discretion to impose conditions of community control that (1) relate reasonably to rehabilitating the offender, (2) relate to the crime for which the offender was convicted, and (3) relate to conduct that is criminal or to future criminality and serve the ends of probation." *State v. Stewart*, 10th Dist. No. 04AP-761, 2005-Ohio-987, ¶ 12, citing *State v. Jones*, 49 Ohio St.3d 51, 53 (1990).

{¶ 9}　In the present case, the trial court's order to pay the entire arrearages for both children was proper under the requirements in *Jones*. The payment of arrearages for both children is reasonably related to rehabilitating appellant. His payment of both arrearages will require him to support both of his children, who have the same mother. Also, payment of arrearages for both children clearly relates to the present crime for which he was convicted: non-payment of child support. Furthermore, payment of both arrearages relates to conduct that is criminal and to future criminality. The arrearages have accumulated as a result of appellant's criminal non-support of both C.A. and M.R., and he has been convicted of criminal non-support with regard to both children. Ordering appellant to pay the arrearages for both children will emphasize appellant's responsibility to support all of his dependents, and will serve to encourage future compliance with child

support for both children, which will hopefully prevent future criminal indictments for non-compliance. Therefore, we conclude the order to pay the arrearages for both children as a condition of community control was well within the discretion of the trial court.

{¶ 10} Finally, although we believe the record is clear the trial court meant for the order to pay the arrearages of $98,219.72 as a condition of community control and not as an order for restitution, we acknowledge the language in the trial court's judgment could more clearly express such, and the statement that "[t]he total fine and financial sanction judgment is $98,219.72" unnecessarily muddies the court's otherwise clear intent. In addition, appellant voices concern that he will be subject to judgments in both the present case and M.R.'s case for the total arrearages for both children, resulting in an erroneous doubling of the actual arrearages he owes. Given these two issues, we believe the best course is to remand the matter for the trial court to issue a nunc pro tunc order clarifying the order that appellant pay the arrearages of $98,219.72 is a community control sanction and not an order for restitution, and remove the statement "[t]he total fine and financial sanction judgment is $98,219.72." Furthermore, the trial court should clarify that the $98,219.72 order includes arrearages for both children and should not be in addition to any order to pay the same arrearages for the same children for the same periods of delinquency in any other case. For these reasons, we overrule appellant's assignment of error.

{¶ 11} Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, but we remand the matter for the court to issue a nunc pro tunc order consistent with the above decision. A copy of the nunc pro tunc order in this case shall also be filed under M.R.'s case number.

*Judgment affirmed;*
*cause remanded with instructions.*


LUPER SCHUSTER and BRUNNER, JJ., concur.

_____