[Cite as *State v. Cintron*, 2022-Ohio-305.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 110600

v.                                      :

ALEX CINTRON,                           :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED IN PART, VACATED,
                  AND REMANDED
**RELEASED AND JOURNALIZED:**  February 3, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657187-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael W. Timms, Assistant Prosecuting
Attorney, *for appellee.*

R. Tadd Pinkston, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Alex Cintron ("Cintron"), appeals from his sentence following plea of guilty to a single misdemeanor offense.  He raises the following assignments of error for review:

1. The trial court did not have jurisdiction to make orders pertaining to child support, thus the ordered community control condition is void ab initio.

2. The trial court abused its discretion under R.C. 2929.25 when it ordered that Mr. Cintron pay child support.

3. Trial counsel's failure to object to the terms of community control deprived Mr. Cintron of the right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.

{¶ 2} After careful review of the record and relevant case law, we reverse Cintron's sentence in part, and vacate the condition of his community-control sanctions requiring him to "pay court ordered child support within 60 days."

## I. Factual and Procedural History

{¶ 3} On February 24, 2021, Cintron was named in a one-count indictment, charging him with breaking and entering in violation of R.C. 2911.13(A). The indictment stemmed from allegations that Cintron participated in the forceful entry of a medical-marijuana dispensary located in Cleveland, Ohio with the purpose to commit a theft offense therein.

{¶ 4} On June 1, 2021, Cintron appeared before the court and expressed his desire to withdraw his former plea of not guilty and enter a plea of guilty pursuant to the terms of a negotiated plea agreement with the state. Following a Crim.R. 11 colloquy, Cintron pleaded guilty to attempted breaking and entering in violation of R.C. 2911.13(A) and 2923.02, a misdemeanor of the first degree. The trial court accepted Cintron's plea and proceeded directly with sentencing.

{¶ 5} At the time of sentencing, Cintron accepted responsibility for his conduct and expressed remorse to the owners of the medical-marijuana dispensary. The trial court then questioned Cintron about his employment history and his personal life. Cintron stated that he is currently unemployed and was having a difficult time obtaining a job because of his criminal history. He also confirmed that he has a child but is not currently paying child support. Cintron explained that there was not a formal child-support order "because everything [the child's mother] asks for, I give it to her, sir." (Tr. 15.) The court responded, stating, "Guess what? That's going to change real quick." (Tr. *id.*) Cintron was sentenced to a six-month jail term, suspended and a one-year period of community-control sanctions. As part of his community-control sanctions, Cintron was ordered to obtain verifiable employment and "pay court ordered child support within 60 days."

{¶ 6} On June 8, 2021, Cintron filed a motion to stay execution of the child-support condition pending an appeal. Cintron argued that the condition "is unrelated to his offense and violates his right to privacy in that he and the mother of the child have the right to reach a private agreement without the interference of the court or government agency." On June 21, 2021, the trial court granted Cintron's motion to stay, and this appeal followed.

## II. Law and Analysis

### A. Jurisdiction

{¶ 7} In his first assignment of error, Cintron argues the criminal division of the court of common pleas lacked jurisdiction to issue a sentencing order pertaining

to child support. He contends the trial court's order is inappropriate and "circumvents the statutory authority afforded to other divisions of the common pleas court." Thus, Cintron maintains that his sentence is void as a matter of law.

{¶ 8} "The term 'jurisdiction' refers to the court's statutory or constitutional authority to hear a case." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. "The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person." *Id.*

{¶ 9} Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23; *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 37. It is the court's power to hear a case and render a sentence. *See State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). Relevant to this appeal, the General Assembly has given the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. Accordingly, "[j]urisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower courts." *State ex rel. McMinn v. Whitfield*, 27 Ohio St.3d 4, 5, 500 N.E.2d 875 (1986).

{¶ 10} In turn, personal jurisdiction refers to the court's power to render a valid judgment against a particular individual. In a criminal matter, the court

acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge. *Tari v. State*, 117 Ohio St. 481, 490, 159 N.E. 594 (1927). A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him. *Id.* at 491.

{¶ 11} Jurisdiction is a question of law, which we review under a de novo standard of review. *See State v. Stewart*, 3d Dist. Seneca No. 13-21-05, 2021-Ohio-2294, ¶ 6. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 2013-Ohio-647, 986 N.E.2d 1128, ¶ 27 (3d Dist.), citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147, 593 N.E.2d 286 (1992).

{¶ 12} After careful consideration, we find no merit to Cintron's position that the alleged defect in the court's imposition of community-control sanctions rendered his sentence void ab initio. The Ohio Supreme Court has restored the traditional understanding of what constitutes a void sentence, stating:

> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable.

*State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-8784, 162 N.E.3d 776, ¶ 43. "If the court pronouncing the sentence had jurisdiction to do so, a sentence imposed in excess of that permitted by law was 'erroneous and voidable, but not absolutely void.'" *Id.* at ¶ 16, citing *Ex parte Van Hagan*, 25 Ohio St. 426, 432 (1874).

{¶ 13} In this case, the common pleas court possessed subject-matter jurisdiction over Cintron's case and personal jurisdiction over Cintron. Cintron was brought before the common pleas court upon the filing of a valid criminal indictment that alleged that Cintron had violated R.C. 2911.13(A), a felony of the fifth degree. Cintron entered a plea of guilty pursuant to the terms of a negotiated plea agreement and did not object to the court's exercise of jurisdiction over him. The fact that Cintron entered a plea to an amended misdemeanor offense is immaterial in this instance, Cintron has not identified an express provision vesting jurisdiction of his attempted breaking and entering offense specifically and exclusively in an inferior court. *See State v. Lusane*, 11th Dist. Portage No. 2021-P-0011, 2021-Ohio-4262, ¶ 13, citing *State ex rel. Coss v. Hoddinott*, 16 Ohio St.2d 163, 164, 243 N.E.2d 59 (1968) ("In the absence of an express provision to the contrary, the Court of Common Pleas has jurisdiction over misdemeanors."). Moreover, because the trial court had jurisdiction to pronounce a sentence in this case, it was permitted to impose community-control sanctions and was afforded broad discretion to include conditions that are reasonably related to the goals of community control. *See* R.C. 2929.25(C)(2); *see also State v. Pierce*, 8th Dist. Cuyahoga No. 104275, 2017-Ohio-1036 (recognizing the court's jurisdiction to order child-support payments as a condition of community control in criminal non-support cases). Accordingly, any error in the court's exercise of its jurisdiction rendered Cintron's sentence voidable, not void.

{¶ 14} Cintron's first assignment of error is overruled.

## B. R.C. 2929.25

{¶ 15} In his second assignment of error, Cintron argues the trial court abused its discretion by ordering him to pay child support as a condition of his community-control sanctions. We agree.

{¶ 16} Under R.C. 2929.21, a trial court enjoys broad discretion in fashioning a sentence for misdemeanors. *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve these purposes, "'the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public.'" *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 8, quoting *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 45 (7th Dist.), citing *In re Slusser*, 140 Ohio App.3d 480, 487, 748 N.E.2d 105 (3d Dist.2000).

{¶ 17} R.C. 2929.25 governs misdemeanor community-control sanctions. The statute provides a trial court with two options when sentencing a misdemeanor offender: (1) directly impose a sentence that consists of one or more community-control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender under a community-control sanction or combination of community-control sanctions

authorized under R.C. 2929.26, 2929.27, or 2929.28. R.C. 2929.25(A)(1)(a)-(b). "[T]he court shall place the offender under the general control and supervision of the court or of a department of probation" and, "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." R.C. 2929.25(C)(1) and (2). Relatedly, R.C. 2929.27(C) permits the court to "impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." R.C. 2929.27(C).

{¶ 18} We review the trial court's imposition of community-control sanctions for an abuse of discretion. *Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775, 133 N.E.3d 580 (8th Dist.), citing *State v. Cooper*, 2016-Ohio-8048, 75 N.E.3d 805, ¶ 31 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Although a trial court is granted broad discretion in imposing community-control sanctions, the trial court's discretion "is not limitless." *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 5, citing *Talty* at ¶ 11.

{¶ 19} In this case, the trial court imposed a suspended sentence and placed Cintron under a community-control sanction or combination of community-control sanctions authorized under R.C. 2929.27. In addition, the trial court imposed additional requirements on Cintron, requiring him to "secure and maintain

verifiable employment within 30 days; report weekly until employed; pay court ordered child support within 60 days; [pay] $100.00 supervision fee."

{¶ 20} On appeal, Cintron contends that his current obligation to "pay court ordered child support" as a condition of his community-control sanctions is unrelated to his crime and constitutes an unconstitutional infringement on his right to privacy. Cintron notes that at the time of sentencing there was no existing child-support order because he and the mother of his child had made the personal decision to not pursue a formal order of support.

{¶ 21} The starting place for our review is the test announced by the Ohio Supreme Court in *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990), "which looks to whether a community-control condition reasonably relates to the offense at issue, furthers the twin goals of rehabilitation and justice, and does not cause a greater deprivation of liberty than is necessary to achieve those penological goals." *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶ 17, citing *Jones* at 53. Specifically, the *Jones* Court held that in determining whether a condition of probation is reasonable, a trial court must consider "whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones* at 53. All three conditions must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Solon v. Broderick*, 8th Dist. Cuyahoga No. 107043, 2018-Ohio-4900, ¶ 8, citing *White* at

¶ 10. Further, the conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Talty* at ¶ 13, quoting *Jones* at 52.

{¶ 22} After careful consideration, we agree with Cintron that the condition of establishing a child-support order does not share a relationship with his misdemeanor offense. Significantly, this case does not involve a criminal nonsupport conviction in violation of R.C. 2919.21. Cintron was convicted of attempted breaking and entering, which was predicated on his attempt to forcefully enter a business with the purpose to commit a theft offense therein. There is nothing in the record to suggest that Cintron's decision to enter the medical-marijuana dispensary on May 31, 2020, was motivated by, or related to, his ability to support his child or the parents' decision to not formally seek an administrative or court order of child support. Under these circumstances, we find the child-support condition shares no reasonable link with the circumstances of this criminal conviction.

{¶ 23} We are also unable to conclude that the condition is reasonably related to rehabilitating Cintron. Here, there is no basis to conclude that the condition serves to prevent future theft offenses, ensure good behavior, or otherwise further the goals of community-control sanctions. Requiring Cintron to establish a child-support order would have little effect on preventing the criminal conduct R.C. 2911.13 proscribes.

{¶ 24} Based on the foregoing, we find the trial court abused its discretion by ordering Cintron to establish a child-support order within 60 days of sentencing as

a condition of his community-control sanctions. As such, we vacate that portion of the trial court's sentencing order. *See Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 25 (a finding that one of the conditions of community control is invalid does not affect the validity of the other conditions).

{¶ 25} Cintron's second assignment of error is sustained.

{¶ 26} Judgment is reversed in part and remanded to the lower court to vacate the community-control condition requiring Cintron to "pay court ordered child support within 60 days." Our resolution of the second assignment of error renders the third assignment of error moot. App.R. 12(A)(1)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR