[Cite as *State v. Bright*, 2025-Ohio-725.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| VANESSA ANNE BRIGHT | : | Case No. 2024CA00116 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:
Appeal from the Court of Common
Pleas of Stark County
2024 CR 0911

JUDGMENT:
Affirmed

DATE OF JUDGMENT:
March 3, 2025

APPEARANCES:

For Plaintiff-Appellee

Kyle L. Stone
Prosecuting Attorney

By: Christopher A. Piekarski
    Assistant Prosecuting Attorney
    110 Central Plaza South,
    Suite 510
    Canton, Ohio 44702-1413

For Defendant-Appellant

George Urban
116 Cleveland Ave. NW,
Suite 808
Canton, Ohio 44702

*Gormley, J.*

{¶1} At her sentencing hearing on a felony charge of assault in Stark County, Vanessa Bright was placed on community-control supervision and was ordered to abstain from the use of illegal drugs and alcohol and to stay away from bars. She argues here that those conditions are unconnected to the crime and that they therefore ought not be part of her supervision requirements. Because Bright did not object to the sentence in the trial court, however, our review is limited to a plain-error analysis, and we readily conclude that the sentence clears that low bar. The judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} On April 19, 2024, City of Alliance police officer Bob Rajean noticed a truck parked on property belonging to Bright. With the help of a computer in his police cruiser, Officer Rajean learned that the truck belonged to Bright and that a warrant for her arrest had been issued.

{¶3} Officer Rajean then knocked on the door to Bright's home. Bright opened her door, and Officer Rajean attempted to place her under arrest. While she was being taken into custody, Bright struck Officer Rajean, bit his arm, and attempted to flee.

{¶4} Bright was indicted on one count of assault with a specification that the victim was a peace officer who had been performing his official duties. At the conclusion of her jury trial on that felony charge in June 2024, Bright was found guilty, and she was sentenced the same day.

{¶5} The trial court sentenced Bright to three years of community control. As part of Bright's community-control sentence, the trial court ordered Bright to abstain from all

alcohol and drugs and to avoid any establishment where the sale of alcohol is the primary source of business.  It is these community-control conditions that Bright challenges here.

**Bright's Failure to Object in the Trial Court Leaves Her with Little Recourse Here**

{¶6} In her sole assignment of error, Bright claims that the trial court abused its discretion by imposing a prohibition on alcohol and drug use as a condition of Bright's community-control sentence.

{¶7} Bright did not, however, object to the community-control conditions that were imposed at her sentencing hearing.  An error "that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court" is deemed forfeited absent plain error.  *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.).  *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

{¶8} To be sure, had the trial judge announced the sentence and then abruptly left the courtroom without giving the parties a chance to raise objections to the judge's ruling, Bright could not be faulted now for having stayed silent then.  *See, e.g., United States v. Ralston*, 110 F.4th 909, 919 (6th Cir. 2024) (noting that federal district courts "are required to ask the parties during the sentencing hearing whether they have any objections to the sentence that has been imposed");  *U.S. v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (where a trial court fails to provide the parties with an opportunity to object to the sentence, the parties "will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal[]").

**{¶9}** Here, the trial judge — by asking the parties, after the sentence was announced, if they had "[a]nything further" to say — gave Bright a meaningful opportunity to express the concerns that Bright now raises here. Neither Bright's trial counsel nor Bright herself objected to the sentence. We, therefore, review Bright's community-control sentence for plain error.

## We See No Plain Error in the Sentence

**{¶10}** To constitute plain error, an error "must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶11}** Under Ohio law, a sentencing court in a felony case "may directly impose a sentence that consists of one or more community control sanctions[.]" R.C. 2929.15(A)(1). As part of those sanctions, a trial court "may impose any other conditions of release under a community control sanction that the court considers appropriate[.]" *Id.* Sentencing courts "thus [have] broad discretion . . . in imposing community-control sanctions." *State v. Talty*, 2004-Ohio-4888, ¶ 10. Sanctions available to a sentencing court include "[a] term of drug and alcohol use monitoring[.]" R.C. 2929.17(H).

**{¶12}** The authority to impose community-control conditions is not, however, absolute. *Talty* at ¶ 11. Restrictions imposed as part of a community-control sentence "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *State v. Jones*, 49 Ohio St.3d 51, 52 (1990), citing *State v. Maynard*, 47 Ohio App.3d 76,

77 (6th Dist. 1988). In determining whether a community-control condition is appropriate, courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.* at 53.

{¶13} In a recent case, we found that a trial court's imposition of a community-control sentence that included a ban on the use of medical marijuana by the defendant — who was being sentenced for the crime of attempted felonious assault — was an abuse of discretion where nothing in the record indicated that drugs or alcohol were involved in the offense. *State v. Lynn*, 2023-Ohio-4429, ¶ 49 (5th Dist.). We observed that "[s]everal Ohio courts have required some nexus between an offender's crime and drug or alcohol abuse in order to uphold an alcohol-related community-control condition." *Id.* at ¶ 48. The defendant in that case, we note, did object to the no-medical-marijuana condition in the trial court, thus availing himself of an abuse-of-discretion standard of review in this court. *Id.* at ¶ 6.

{¶14} No evidence was introduced at Bright's trial suggesting that drugs or alcohol played a role in her assault of Officer Rajean. Under *Lynn*, that lack of a nexus between the no-drugs-or-alcohol and no-going-to-bars supervision terms and the crime could well be viewed as unduly restrictive were we applying an abuse-of-discretion standard. *See, e.g., State v. Chavers*, 2005-Ohio-714, ¶ 12 (9th Dist.) (finding that a trial court had abused its discretion by imposing a no-alcohol supervision term where there was "nothing in the record to indicate that alcohol was involved" in the crime or in the defendant's past brushes with the law).

**{¶15}** But was the sentence in this case plainly erroneous?  We readily conclude that it was not. Trial courts enjoy "broad discretion" to impose community-control conditions that are reasonably related to the goals of rehabilitation, administering justice, and ensuring good behavior.  *City of Cleveland v. Pentagon Realty, LLC*, 2019-Ohio-3775, ¶ 10, 13 (8th Dist.).  And our review of the no-alcohol and no-entry-into-bars supervision terms "must be conducted 'with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation.'"  *State v. Ice*, 2024-Ohio-5341, ¶ 27 (7th Dist.), quoting *State v. Jones*, 49 Ohio St.3d 51, 55 (1990).

**{¶16}** Plain error should be found — and the outcome in a criminal case overturned because of it — "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Jackson*, 2025-Ohio-109, ¶ 54 (8th Dist.), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).  *See also State v. Gasper*, 2024-Ohio-4782, ¶ 14 ("To show  reversible error under plain-error review,  . . .  the deviation must have affected substantial rights").

**{¶17}** To be sure, the alcohol-related conditions imposed by the trial court in this case limit Bright's choices and her freedom of movement, but state and federal courts have long recognized that "a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."  *United States v. Knights*, 534 U.S. 112, 119 (2001).  *See also State v. Chapman*, 2020-Ohio-6730, ¶ 16 ("because convicted criminals serving their sentences enjoy diminished liberty interests when compared with the general population, a trial court can impose community-

control sanctions that limit the offender's fundamental rights, provided that such limitations further the statutory goals of community control and are not overbroad").

**{¶18}** The trial court's decision to include the no-alcohol and no-entry-into-bars restrictions in this assault case did not undercut defendant Bright's substantial rights or impose a manifest injustice on her, and this is surely not the kind of exceptional case that calls out for corrective action on our part now.  In short, we find no plain error here.

**{¶19}** For the reasons explained above, we affirm the judgment of the trial court.


By: Gormley, J.

Baldwin, P.J. and

King, J. concur.