[Cite as *Conneaut v. Pushic*, 2025-Ohio-1783.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

CITY OF CONNEAUT,

Plaintiff-Appellee,

- vs -

BRAD PUSHIC,

Defendant-Appellant.

CASE NOS. 2024-A-0079
2024-A-0080
2024-A-0081

Criminal Appeals from the
Conneaut Municipal Court

Trial Court Nos. 2024 TRD 00422 A
2024 TRD 00422 B
2024 TRD 00422 C

---

## OPINION AND JUDGMENT ENTRY

Decided: May 19, 2025
Judgment: Affirmed

---

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Christopher A. Maruca*, The Maruca Law Firm, 201 East Commerce Street, Suite 316, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Brad Pushic ("appellant"), appeals from the judgments of the Conneaut Municipal Court, sentencing him to two (2) years of community control sanctions as a result of his guilty pleas and convictions of two counts of Failure to Stop After a Non-Public Road Accident, first-degree misdemeanors, in violation of Section 335.13(A)(3) of the Codified Ordinances of the City of Conneaut ("City Ordinances").

**{¶2}** Appellant argues that the suspended jail sentences "[are] an extreme interpretation of the misdemeanor sentencing guidelines" and should be reversed. He further asserts that the trial court erred or otherwise abused its discretion by ordering appellant to complete a drug and alcohol assessment, prohibiting him from purchasing, consuming, or possessing alcohol, and from entering a bar or other liquor establishment as conditions of his community control.

**{¶3}** Upon review, we conclude that the trial court did not abuse its discretion in imposing a suspended jail sentence and community control sanctions. The trial court imposed a sentence in accordance with the statutory guidelines. Further, the imposed conditions of appellant's community control sanctions do not rise to the level of plain error.

**{¶4}** Accordingly, the judgments of the Conneaut Municipal Court are affirmed.

### Substantive and Procedural Facts

**{¶5}** A complaint was filed in the Conneaut Municipal Court on July 12, 2024. The complaint charged appellant with three offenses pursuant to the City Ordinances: 1) Failure to Stop After a Non-Public Road Accident, a first-degree misdemeanor, in violation of Section 335.13(A)(3) ("Subcase A"); 2) Failure to Stop After a Non-Public Road Accident, a first-degree misdemeanor, in violation of Section 335.13(A)(3) ("Subcase B"); and 3) Reckless Operation, a minor misdemeanor, in violation of Section 333.09(B) ("Subcase C"). Appellant entered a plea of not guilty to each of the charges at arraignment.

**{¶6}** On September 16, 2024, appellant appeared with counsel and entered pleas of no contest to Subcases A and B. Subcase C was dismissed. The City of Conneaut ("City") offered the following factual basis for the plea:

This incident occurred on July 4th of this year at the Conneaut Moose Club. Mr. Pushic left the Moose Club . . . in an F150, and as he was leaving, backing out of the parking lot, he struck . . . a Ford Explorer that was parked behind him. Then he pulled ahead and struck another vehicle, being the Toyota Highlander. . .The Ford Explorer was disabled by the collision. Radiator fluid leaked from the impact of - - and it was - - the car was inoperable at that point.

After striking the two vehicles, Mr. Pushic then left the Moose Club parking lot. This was all - - the police investigation revealed that this was all captured on surveillance video from the Moose Club, and the bartender was able to identify him as Mr. Pushic in the video.[1]

{¶7} According to the City, officers were unable to locate appellant on the day of the incident and appellant had "left for the State of New York." Appellant stated that he was not contacted by the police after the incident. He claimed he did not go to New York and was otherwise available after the incident.

{¶8} The trial court found appellant guilty of both offenses as charged and proceeded directly to sentencing. Prior to announcing the sentence, the following exchange took place:

TRIAL COURT: So if your vehicle, Mr. Pushic, caused that kind of damage, there's no way you could not have known it, okay?

APPELLANT: Okay.

TRIAL COURT: There's no way - - you know, this wasn't just a little ding and then, oh I didn't realize that my 2014 Ford truck caused this - - caused a ding, which is reasonable why I didn't stop. I mean, this damage was significant . . . Which means that you should have stopped. Which means that you had a reason for not stopping.

And . . . again, this is all based on years of experience and . . . you coming out of a bar on July 4th at 6:00 p.m. and

---

1. There is no indication in the record that the video was played during the plea/sentencing hearing, and it was not otherwise made part of the record for purposes of this appeal.

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

causing this damage, which means, I suspect, there was a reason why you didn't stop.

{¶9} In Subcase A, the trial court sentenced appellant to 180 days. The trial court suspended 177 days and placed appellant on two years of supervised community control with the following conditions: (1) appellant does not commit another criminal or traffic offense within two years; (2) appellant completes a Driver's Intervention Program ("DIP") in lieu of three days jail; (3) appellant submits to Comprehensive Diagnostic Assessment for alcohol and substance abuse at the Lake Area Recovery Center; and (4) appellant does not purchase, possess, or consume any alcoholic beverage or drug of abuse or any pseudoephedrine product, or go to any bar or liquor establishment for a period of two years.

{¶10} The trial court imposed the same sentence in Subcase B, with the added condition that appellant pay restitution to the owner of the damaged vehicle in the amount of $704.00.[2] The trial court advised appellant that the suspended jail sentences would be served consecutively to each other.

{¶11} The trial court imposed a $500 fine plus costs on each Subcase and suspended appellant's driver's license for one year, with limited driving privileges after 15 days upon proof of financial responsibility and other documentation. The imposed driver's license suspensions were ordered to be served concurrently.

{¶12} Appellant filed a notice of appeal and sought a stay of his sentence pending appeal. The trial court granted the stay on October 9, 2024.

---

2. The owner of the damaged vehicle for Subcase A did not appear at the sentencing hearing, therefore restitution was not ordered.

**The Appeal**

{¶13} Appellant raises two assignments of error for review:

[1.] "The Trial Court misconstrued the law, abused its discretion, and was prejudiced by its assumption that Appellant was under the influence of alcohol in sentencing both 2 years' probation and 360 days total jailtime where Appellant accidentally struck the vehicles in a private parking lot, the vehicles were unattended so no injuries were caused, he did not skirt attempts by law enforcement to investigate, and he has a driving record with no prior offenses."

[2.] "The Trial Court Misconstrued The Law, Abused Its Discretion, And Was Prejudiced By Its Assumption That Appellant Was Under The Influence Of Alcohol In Sentencing Appellant To (1) Attend The Lake Area Recovery Center For Assessment And Treatment Of Alcohol Abuse; (2) Refrain From Purchasing, Consuming, Or Possessing Alcohol; And (3) Refrain From Entering A Bar, When There Were No Charges, Allegations, Or Evidence That Appellant Operated His Vehicle At The Time Of The Collision Under The Influence Of Alcohol."

{¶14} In his first assignment of error, appellant argues "that his jail sentence is an extreme interpretation of both City Ordinance Section 335.13(a)(3) and Ohio Revised Code 4510.021." Specifically, appellant argues that the suspended jail sentences "is an extreme interpretation of the misdemeanor sentencing guidelines" and should be reversed.

{¶15} "Misdemeanor sentencing is evaluated under an abuse-of-discretion standard of review." *State v. Petrovich*, 2019-Ohio-3547, ¶ 23 (11th Dist.), citing *State v. Corbissero*, 2012-Ohio-1449, ¶ 53 (11th Dist.). Sentencing considerations for misdemeanors are codified in R.C. 2929.21 which provides in relevant part:

(A) A court that sentences an offender for . . . any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of

misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B) A sentence imposed for a misdemeanor or minor misdemeanor violation . . .of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."

{¶16} "Unless a mandatory jail term is required to be imposed. . . a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A). "[A] court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." *Id.* Here, the trial court was not required to sentence appellant to a jail term. The trial court had discretion to impose any sanction or combination of sanctions.

{¶17} In determining the appropriate sentence for a misdemeanor, the court shall consider all of the factors contained in R.C. 2929.22(B)(1)(a)-(g) and the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code. R.C. 2929.22(A). "Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense." R.C. 2929.22(C).

{¶18} Appellant was convicted of two violations of Section 335.13(A)(3) of the City Ordinances, first-degree misdemeanors. *See* City Ordinance Section 335.13(B)(1). For a misdemeanor of the first degree, a trial court shall impose a definite jail term of "not more than one hundred eighty days." R.C. 2929.24(A)(1).

{¶19} R.C. 2929.25(A)(1) provides in relevant part:

> "Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may . . . (b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code."

{¶20} The trial court sentenced appellant to a jail term of 180 days, the maximum sentence permitted under R.C. 2929.24(A)(1). The trial court then suspended 177 days of the jail term in accordance with R.C. 2929.25(A)(1) and placed the offender under a two-year term of community control. Appellant does not argue that the trial court did not properly consider the misdemeanor sentencing factors. Instead, appellant argues that the

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

sentence is extreme. Appellant's sentence is within the statutory limits. As such, the trial court did not abuse its discretion.

{¶21} Appellant's first assignment of error is without merit.

{¶22} In his second assignment of error, appellant argues that certain conditions of his community control should be vacated because the "trial court inserted its own assumptions and sentenced the appellant as if he in fact operated his vehicle at the time of the collision under the influence of alcohol." Specifically, appellant alleges "[i]n the absence of any charge or evidence that appellant was under the influence of alcohol thereby causing the collision at issue, it is an error of law and an abuse of the trial court's discretion" to include drug and alcohol assessments, restrictions regarding the purchasing, consuming, or possessing alcohol, and the prohibition from entering a bar or liquor establishment for the duration of appellant's community control.

{¶23} As noted above, a trial court may impose residential, nonresidential, and financial sanctions and any other conditions the trial court considers appropriate when sentencing a misdemeanor offender to community control. R.C. 2929.25(A). Specific nonresidential sanctions available to the trial court are outlined in R.C. 2929.27(A). In addition to the nonresidential sanctions outlined, the trial court "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." R.C. 2929.27(C).

{¶24} A trial court's imposition of community control sanctions is reviewed under an abuse-of-discretion standard. *State v. Bourne,* 2023-Ohio-2832, ¶ 18 (11th Dist.), citing *State v. Talty*, 2004-Ohio-4888, ¶ 10. An abuse of discretion is the trial court's "

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist,), quoting *Black's Law Dictionary* 11 (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

**{¶25}** Appellant did not object to the community control conditions that were imposed at sentencing, therefore, he has waived all but plain error. Crim.R. 52(B). *See Conneaut v. Wick,* 2024-Ohio-4452, ¶ 8 (11th Dist.). *See also*, *State v. Bright*, 2025-Ohio-725, ¶ 8 (5th Dist.). "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Barnes*, 2002-Ohio-68, ¶ 20. "To find plain error, we must conclude (1) there was an error, i.e., a deviation from a legal rule, (2) the error was plain, i.e., an obvious defect in the proceedings, and (3) the error affected substantial rights, i.e., the outcome of the proceedings." *State v. Warfield*, 2022-Ohio-1818, ¶ 55 (11th Dist.), citing *Barnes* at ¶ 20. "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it." *Id.* at ¶ 21. "Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting, *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978).

{¶26} "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Bourne*, 2023-Ohio-2832, ¶19 (11th Dist.) citing *Talty* at ¶ 12. However, a condition " 'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.' " Id., quoting *Talty* at ¶ 13, quoting *State v. Jones*, 49 Ohio St.3d 51, 52 (1990).

{¶27} The Supreme Court of Ohio set out the relevant test in *State v. Jones*, 49 Ohio St.3d 51 (1990), "which looks to whether a community-control condition reasonably relates to the offense at issue, furthers the twin goals of rehabilitation and justice, and does not cause a greater deprivation of liberty than is necessary to achieve those penological goals." *State v. Chapman*, 2020-Ohio-6730, ¶ 17, citing *Jones*, at 53. "In determining whether a community control sanction is related to the three probationary goals above, courts must 'consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Bourne* at ¶ 20, quoting *Jones* at 53. "All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion." *Id.,* citing *State v. Cintron*, 2022-Ohio-305, ¶ 21 (8th Dist.); *State v. White*, 2015-Ohio-3844, ¶ 10 (10th Dist.). Additionally, the condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Talty* at ¶ 13, quoting *Jones* at 52.

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

**{¶28}** Recently, the Fifth District Court of Appeals reviewed a similar case wherein there was no nexus between the defendant's conduct and the no-alcohol and no-entry-into bars restrictions imposed as conditions of her community control. *State v. Bright*, 2025-Ohio-725 (5th Dist.) In *Bright,* the defendant also failed to object at the time of sentencing. The Fifth District Court of Appeals noted, "our review of the no-alcohol and no-entry-into-bars supervision terms 'must be conducted "with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation."'" *Id.* at ¶ 15, quoting *State v. Ice*, 2024-Ohio-5341, ¶ 27 (7th Dist.), quoting *State v. Jones*, 49 Ohio St.3d 51, 55 (1990). Despite no evidence in the record establishing a nexus between the restrictions and the offense, the Fifth Appellate District concluded that "the trial court's decision to include the no-alcohol and no-entry-into-bars restrictions in this assault case did not undercut defendant Bright's substantial rights or impose a manifest injustice on her, and this is surely not the kind of exceptional case that calls out for corrective action on our part now. In short, we find no plain error here." *Bright* at ¶18.

**{¶29}** Because appellant failed to object in the court below, he has waived all but plain error in this case. Like the Fifth Appellate District, we decline to find plain error in this instance. Moreover, unlike *Bright*, there is some evidence that a nexus exists between the defendant's conduct and the no-alcohol and no-entry-into bars restrictions imposed as conditions of her community control.

**{¶30}** It is undisputed that appellant was leaving the Moose Club at 6:00 p.m. on the Fourth of July. While there was no testimony that appellant had been consuming alcohol prior to the incident, according to the factual basis provided by the State, the

bartender identified appellant in the surveillance video. According to the State, and otherwise not contested or disputed by appellant, the video captured appellant leaving the Moose Club in his vehicle, striking two different vehicles as he was maneuvering out of the parking lot. One of the vehicles was disabled from the impact. The trial court indicated that the impact between appellant's truck and the Ford Explorer was significant and would not have gone unnoticed. The trial court then inferred since the appellant had to have known that he struck two vehicles, that he intentionally chose to leave the scene of the accident.

{¶31} Given the underlying facts of the case, we conclude that the trial court's imposition of the conditions of community control does not rise to the level of plain error.

Appellant's second assignment of error is without merit.

{¶32} Neither appellant's assignments of error are meritorious. Therefore, the judgments of the Conneaut Municipal Court are affirmed.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, appellant's assignments of error are without merit. It is the judgment and order of this Court that the judgments of the Conneaut Municipal Court are affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-A-0079, 2024-A-0080, 2024-A-0081