[Cite as *State v. Andrews*, 2025-Ohio-5178.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>TELLUS ANDREWS, SR.,<br><br>        Defendant-Appellant. | **CASE NO. 2025-A-0005**<br><br>Criminal Appeal from the<br>Conneaut Municipal Court<br><br>Trial Court No. 2024 CRB 00400 |

## <u>OPINION AND JUDGMENT ENTRY</u>

Decided: November 17, 2025
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Phillip L. Heasley*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Tellus Andrews Sr. ("Andrews"), appeals from the judgment of the Conneaut Municipal Court, sentencing him to two years of community control sanctions as a result of Andrews's conviction of violating a temporary protection order, in violation of Section 537.15(a)(1) of the Codified Ordinances of the City of Conneaut ("City Ordinances").

{¶2} Andrews contends that the trial court abused its discretion by "failing to consider the statutory factors under R.C. 2929.22" when sentencing him. Additionally,

Andrews asserts that the lower court failed to inform him of the maximum penalties for the conviction prior to sentencing. Andrews concedes that the trial court was "not specifically required to do so." Andrews further alleges that the terms of his community control sanctions prohibiting him from purchasing, consuming, or possessing alcohol, and from entering a bar or other liquor establishment "exceed the discretionary authority of the court" because there is no evidence in the record that either alcohol or drugs were a factor in the offense. Andrews did not object to the conditions of his community control at sentencing.

{¶3} Upon review, we conclude the trial court complied with R.C. 2929.22 at sentencing. Further, the conditions of Andrews's community control sanctions do not rise to the level of plain error. Accordingly, the judgment of the Conneaut Municipal Court is affirmed.

### Substantive and Procedural Facts

{¶4} A complaint was filed in the Conneaut Municipal Court on December 30, 2024. The complaint charged Andrews with violating a temporary protection order, a misdemeanor of the first degree, pursuant to Section 537.15(a)(1) of the City Ordinances. Andrews entered a plea of not guilty at arraignment and bond was set at $15,000 cash or surety. As conditions of his bond, Andrews was prohibited from consuming or possessing alcohol or drugs, was subject to random chemical testing, and ordered to have no contact with his ex-wife, B.A.

{¶5} On January 6, 2025, Andrews appeared with counsel and pleaded guilty to the offense. The City of Conneaut ("City") offered the following factual basis for the plea:

> On December 29th . . . officers received a dispatch regarding
> a third party call about a verbal domestic situation at 347

Madison Street. The caller was aware that there was a protection order in place against Mr. Andrews that does not allow him to be at this residence or to have contact with [B.A.]. Dispatch confirmed the protection order. Units arrived and found both [Andrews] and [B.A.] . . . together at the front door. [O]fficers advised Mr. Andrews he was under arrest for violating the protection order and placed him in handcuffs.

{¶6} The City further explained that Andrews and B.A. signed a consent protection order in Ashtabula County Common Pleas Court in Case No. 2023 DR 027. The consent protection order became effective February 22, 2023, expiring on January 19, 2028, and remained in effect at the time of Andrews's arrest.

{¶7} Upon accepting Andrews's plea, the trial court proceeded directly to sentencing. Andrews was sentenced to 180 days in jail. The trial court awarded eight days of credit. The trial court then suspended the remaining 172 days and placed Andrews on 2 years of community control sanctions with the following condition: "Defendant shall not purchase, possess, or consume any alcoholic beverage or drug of abuse or any pseudoephedrine product, or go to any bar or liquor establishment for a period of two years." The no contact order imposed by the trial court at the arraignment in the underlying case was lifted at B.A.'s request.[1]

{¶8} Andrews did not object at the hearing to any of the sentencing provisions or conditions of his community control sanctions.

{¶9} Andrews filed a notice of appeal on January 22, 2025.

**The Appeal**

{¶10} Andrews raises one assignment of error for review:

[1.] The court abused its discretion in sentencing appellant in the temporary protection order violation proceeding.

---

1. B.A. was also in the process of terminating the protection order in Ashtabula County Common Pleas Court in Case No. 2023 DR 027.

{¶11} Andrews asserts that the trial court failed to properly consider the factors set forth in R.C. 2929.22 for misdemeanor sentencing.

{¶12} "Misdemeanor sentencing is evaluated under an abuse-of-discretion standard of review." *State v. Petrovich*, 2019-Ohio-3547, ¶ 23 (11th Dist.), citing *State v. Corbissero*, 2012-Ohio-1449, ¶ 53 (11th Dist.). *See Conneaut v. Pushic*, 2025-Ohio-1783, ¶15 (11th Dist.).

{¶13} Sentencing considerations for misdemeanors are codified in R.C. 2929.21 which provides in relevant part:

> (A) A court that sentences an offender for . . . any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.
>
> (B) A sentence imposed for a misdemeanor or minor misdemeanor violation . . . of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶14} "Unless a mandatory jail term is required to be imposed . . . a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes

and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A). In determining the appropriate sentence for a misdemeanor, the trial court shall consider all of the factors contained in R.C. 2929.22(B)(1)(a)-(g) and may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in R.C. 2929.21. R.C. 2929.22(A).

{¶15} R.C. 2929.22(B)(1) provides:

> In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
>
> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
>
> (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;
>
> (f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;
>
> (g) The offender's military service record.

{¶16} R.C. 2929.22(C) further provides:

> Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense.

{¶17} R.C. 2929.22 does not "mandate that the record reveal the trial court's consideration of the statutory sentencing factors." *State v. Nuby*, 2016-Ohio-8157, ¶ 13-14 (7th Dist.), quoting *State v. Nelson*, 2007-Ohio-3459, ¶ 14 (2d Dist.). *See State v. Williams*, 2016-Ohio-733, ¶ 23 (4th Dist.). A "reviewing court is to presume the trial judge made the required considerations absent an affirmative showing to the contrary. (Citations Omitted)." *Id*. Thus, "'when a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary.' (Citations omitted.)" *State v. Evans*, 2025-Ohio-801, ¶ 34 (11th Dist.), quoting *State v. Coll*, 2017-Ohio-7270 (6th Dist.); *see State v. Walker*, 2025-Ohio- 436, ¶ 8 (11th Dist.).

{¶18} Andrews was convicted of a first-degree misdemeanor, in violation of Section 537.15(a)(1) of the City Ordinances. For a misdemeanor of the first degree, a trial court must impose a definite jail term of "not more than one hundred eighty days." R.C. 2929.24(A)(1). Andrews received a suspended sentence and was placed on two years of community control. This sentence is within the statutory guidelines. Andrews does not

point to anything in the record to suggest that the lower court failed to consider the R.C. 2929.22 factors.

{¶19} As to the terms of community control sanctions, Andrews did not object to the conditions at sentencing, therefore, he has waived all but plain error. Crim.R. 52(B). *Conneaut v. Pushic*, 2025-Ohio-1783, ¶ 25 (11th Dist.); *see Conneaut v. Wick*, 2024-Ohio-4452, ¶ 8 (11th Dist.); *State v. Bright*, 2025-Ohio-725, ¶ 8 (5th Dist.). "An error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited absent plain error." *Bright* at ¶ 7, quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.).

{¶20} Plain errors or defects that were not raised in the court below can be noticed under Crim.R. 52(B) when the errors or defects affect substantial rights. *State v. Barnes*, 2002-Ohio-68, ¶ 20. "To find plain error, we must conclude (1) there was an error, i.e., a deviation from a legal rule, (2) the error was plain, i.e., an obvious defect in the proceedings, and (3) the error affected substantial rights, i.e., the outcome of the proceedings." *State v. Warfield*, 2022-Ohio-1818, ¶ 55 (11th Dist.), citing *Barnes* at ¶ 20. "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it." *Barnes* at ¶ 21.

> Crim.R. 52(B) states only that a reviewing court "may" notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

*Id*., quoting *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978). Therefore, we must determine if plain error exists and whether such error requires reversal.

{¶21} As noted above, misdemeanor sentencing is evaluated under an abuse-of-discretion standard of review. "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Bourne*, 2023-Ohio-2832, ¶ 19 (11th Dist.), citing *State v. Talty*, 2004-Ohio-4888, ¶ 12. However, a condition ""cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty."" *Id.*, quoting *Talty* at ¶ 13, quoting *State v. Jones*, 49 Ohio St.3d 51, 52 (1990). While a trial court is granted broad discretion in setting conditions of probation pursuant to R.C. 2951.02, a lower court's "discretion in imposing conditions of probation is not limitless." *Jones* at 52.

{¶22} The Supreme Court of Ohio set out the relevant test in *Jones*, 49 Ohio St.3d 51 (1990), "which looks to whether a community-control condition reasonably relates to the offense at issue, furthers the twin goals of rehabilitation and justice, and does not cause a greater deprivation of liberty than is necessary to achieve those penological goals." *State v. Chapman*, 2020-Ohio-6730, ¶ 17, citing *Jones* at 53.

> In determining whether a community control sanction is related to the three probationary goals above, courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."

*Bourne* at ¶ 20, quoting *Jones* at 53. "All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion." *Id.*, citing *State v. Cintron*, 2022-Ohio-305, ¶ 21 (8th Dist.); *State v. White*, 2015-Ohio-3844, ¶ 10 (10th Dist.).

{¶23} Recently, the Fifth District Court of Appeals reviewed a similar case where there was no nexus between the defendant's conduct and the no-alcohol and no-entry-into bars restrictions imposed as conditions of her community control. *State v. Bright*, 2025-Ohio-725 (5th Dist.). In *Bright*, the defendant also failed to object at the time of sentencing. The Fifth District Court of Appeals noted, "our review of the no-alcohol and no-entry-into-bars supervision terms 'must be conducted "with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation."'" *Id*. at ¶ 15, quoting *State v. Ice*, 2024-Ohio-5341, ¶ 27 (7th Dist.), quoting *Jones*, 49 Ohio St.3d at 55 (1990). Despite no evidence in the record establishing a nexus between the restrictions and the offense, the Fifth Appellate District concluded that "the trial court's decision to include the no-alcohol and no-entry-into-bars restrictions in this assault case did not undercut defendant Bright's substantial rights or impose a manifest injustice on her, and this is surely not the kind of exceptional case that calls out for corrective action on our part now. In short, we find no plain error here." *Bright* at ¶ 18.

{¶24} We adopted the Fifth District's reasoning in *Conneaut v. Pushic*, 2025-Ohio-1783 (11th Dist.), and declined to find plain error where a defendant did not object to similar community control sanctions as presented here. While we recognized that there was some evidence in the record which may have established a nexus between Pushic's conduct and the specific terms of community control, we did not conclude that such evidence was required.

{¶25} Because Andrews failed to object in the court below, he has waived all but plain error in this case. Like the Fifth Appellate District in *Bright*, and in line with our

decision in *Pushic*, we decline to find plain error where a trial court imposes drug/alcohol restrictions as conditions of community control sanctions without establishing the nexus between the conduct and the restrictions on the record. Accordingly, Andrews's sole assignment of error is without merit.

{¶26} The judgment of the Conneaut Municipal Court is affirmed.


JOHN J. EKLUND, J., concurs.

MATT LYNCH, J., dissents with a Dissenting Opinion.

_____

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶27} In *State v Jones*, 49 Ohio St.3d 51 (1990), the Supreme Court of Ohio set forth the standard by which appellate courts are to determine whether a trial court has exceeded its discretionary limits in imposing probationary, or community-control, conditions. *State v. Talty*, 2004-Ohio-4888, ¶ 11. The imposed conditions must (1) reasonably relate to rehabilitating the offender, (2) have some relationship to the crime of which the offender was convicted, and (3) relate to conduct that is criminal or reasonably related to future criminality. *Jones* at 53. This is a conjunctive test, meaning that the conditions imposed must satisfy each prong of the test. *State v. Bourne*, 2023-Ohio-2832, ¶ 20 (11th Dist.). Because each prong was not satisfied in this case, I dissent from the majority's decision to affirm the condition imposed upon Andrews.

{¶28} Andrews pled guilty to and was convicted of violating a temporary protection order, a first-degree misdemeanor, in violation of Conneaut City Ordinance 537.15(a)(1). The trial court imposed a two-year term of supervised community control with a condition that

Andrews is not permitted to purchase, possess, or consume any alcoholic beverage, or go to any bar or liquor establishment, during that two-year period. However, nothing in the record establishes that this strict "no-alcohol" condition has any relationship to Andrews's violation of the temporary protection order. Thus, the condition does not satisfy the second prong of the *Jones* Test and should not be upheld. *See, e.g., State v. Ballish*, 2024-Ohio-1855, ¶ 13 (11th Dist.); *see also State v. Lynn*, 2023-Ohio-4429, ¶ 48 (5th Dist.) (collecting cases).

{¶29} The majority quotes the mandate that "courts must consider whether the condition . . . has some relationship to the crime of which the offender was convicted" and concludes that the trial court imposed the "no-alcohol" condition in this case "without establishing the nexus between the conduct and the restrictions on the record," yet they decline to find plain error. *Supra* at ¶ 22, 25.

{¶30} The majority relies on *State v. Bright*, 2025-Ohio-725 (5th Dist.), an opinion that this court is not bound to follow and with which I disagree for the same reason herein. The lack of an objection does not equate to a lack of plain error. Where there is evidence of a relationship between the use of alcohol and the crime, the trial court has discretion to impose a strict "no-alcohol" condition or not to impose such a condition. However, where there is no evidence of a relationship between the use of alcohol and the crime, the imposition of a strict "no-alcohol" condition is plain error.

{¶31} I further disagree with the majority's claim that we adopted the Fifth District's reasoning in *Conneaut v. Pushic*, 2025-Ohio-1783 (11th Dist.). We did not adopt *Bright*, we distinguished *Bright*. *Id*. at ¶ 29 ("unlike *Bright*, there is some evidence that a nexus exists between the defendant's conduct and the no-alcohol and no-entry-into bars restrictions imposed"). For that reason, I concurred with the majority's holding in *Pushic*. The relationship to the crime of which Pushic was convicted and the strict "no alcohol" community-control

condition was a weak one, but it was there: i.e., the sentencing court inferred from the circumstances that Pushic had been drinking and that was the reason he left the scene without providing identifying information, in violation of the Conneaut City ordinance. *Id*. at ¶ 30 (describing that Pushic was leaving the Moose Club on the evening of the Fourth of July when he struck two vehicles in the parking lot). It is on these facts that *Pushic* is also distinguishable from the case sub judice.

{¶32} It is for these reasons that I dissent. The judgment entry of sentence should be reversed and the matter remanded to the trial court for further proceedings.

---

# JUDGMENT ENTRY

---

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgement and order of this court that the judgment of the Conneaut Municipal Court is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE MATT LYNCH,
dissents with a Dissenting Opinion

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.