[Cite as *State v. Lewis*, 2026-Ohio-904.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA023 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Fairfield County Municipal Court, Case No. CRB2401647 |
| JENNIFER L. LEWIS, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: March 18, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: James E. Young (City of Lancaster Law Director's Office), Lancaster, Ohio, for Plaintiff-Appellee; James L. Dye, Pickerington, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}** Jennifer Lewis was convicted on a misdemeanor theft charge following a jury trial in Fairfield County. She now appeals, arguing that the State committed prosecutorial misconduct during direct examination and closing argument, and she claims, too, that her trial counsel was ineffective for failing to object. Because we see nothing untoward in the government's handling of the case, we affirm the judgment.

**<u>The Key Facts</u>**

**{¶2}** The theft charge against Lewis stems from her visit to a Walmart store in Lancaster, Ohio. In a self-checkout lane there, Lewis scanned the barcodes on 13 of the 20 items in her shopping cart, and then she tried to leave the store with all 20 items. Kyle Ruckman — one of the store's so-called asset-protection employees — approached Lewis

and asked her to come with him. Lewis complied, and a police officer then came to the store and investigated the incident.

{¶3} Once that investigation concluded, Lewis was charged with one count of misdemeanor theft. The case was tried before a jury, and both Ruckman and the police officer testified. Lewis was convicted, and she now appeals.

## No Prosecutorial Misconduct Occurred

{¶4} In her first assignment of error, Lewis argues that the State committed prosecutorial misconduct during the direct examination of two witnesses and during closing arguments.

{¶5} Because Lewis did not object to any of the alleged misconduct at trial, we review only for plain error. *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.). Plain error exists only when the error is apparent on the record, palpable, and fundamental, such that it should have been obvious to the trial court without objection. *Id.* at ¶ 10, citing *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). We embrace an allegation that plain error has occurred with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Bright* at ¶ 10, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶6} In determining whether prosecutorial misconduct has occurred, we first consider whether the prosecutor's remarks were improper and then, if so, whether they prejudicially affected the substantial rights of the accused. *State v. Montgomery*, 2015-Ohio-3066, ¶ 15 (5th Dist.).

{¶7} Lewis points to three instances of alleged misconduct. First, she cites the State's questioning of the police officer, who was asked whether he had ever found Ruckman — the store employee — to be dishonest. The officer's answer was "no." Next,

Lewis objects to the fact that the State asked Ruckman whether he had any doubt that Lewis intended to steal the unscanned items. Ruckman responded that he had no doubt. Third, Lewis challenges the prosecutor's closing argument, in which the prosecutor reminded the jury about the officer's testimony concerning Ruckman's honesty.

{¶8} None of these questions or remarks constituted plain error.

{¶9} Prosecutors are of course not permitted to vouch for the credibility of a witness at trial. *State v. Myers*, 2018-Ohio-1903, ¶ 145. Vouching occurs when the prosecutor states or implies that he or she has knowledge of facts outside the record, expresses a personal belief or opinion about the credibility of a witness, or otherwise places his or her personal credibility in issue. *Id*. *See also State v. Adkins*, 2018-Ohio-2588, ¶ 106 (6th Dist.) ("prosecuting attorneys may not express their personal beliefs or opinions as to the credibility of a witness, as to the guilt of the accused, or to matters which will not be supported by admissible evidence because the attorney implies knowing something outside the evidence").

{¶10} Here, the prosecutor never offered his own opinion about any witness's credibility. Rather, the prosecutor elicited testimony from the police officer about that witness's own professional experience with Ruckman over multiple prior theft investigations and then summarized that testimony during closing argument. This was not vouching. The prosecutor presented testimony and then later reminded jurors about it, and at no point did the prosecutor express his own views about the credibility of either witness or imply that he had any personal knowledge or opinions about their truthfulness.

{¶11} As for the closing argument, a prosecutor may comment on the evidence presented and may urge jurors to draw certain inferences from it. *State v. Encarnacion*, 2017-Ohio-5530, ¶ 9 (10th Dist.). The prosecutor's statements in closing did no more

than recap the testimony the jury had already heard. This does not constitute prosecutorial misconduct or vouching, much less plain error.

{¶12} Regarding the question to Ruckman about Lewis's intent, we see nothing improper. To be sure, a question such as "What was the defendant's intent?" could rightly draw an objection, as none of us can read someone else's mind. Here, though, Ruckman — who had observed Lewis's conduct in the store and had heard Lewis's responses to police questioning about that conduct minutes later — was asked if he was sure about the conclusion that he had drawn from what he had seen and heard. He said that he had no doubt about his initial impression that Lewis intended to steal some items. Ruckman's answer to the question could arguably be seen as helpful to the jury in its evaluation of the weight to be given to his testimony. We cannot say that the question was an improper one, let alone one that resulted in plain error.

{¶13} Even had the question been improper, no prejudice flowed from Ruckman's answer to it. The jury's certainty or lack thereof was what mattered, and surely the prosecutor's question and Ruckman's answer to it was not outcome determinative. Jurors heard Lewis herself testify that she had not scanned seven of the items in her shopping cart, though she claimed that she did not intend to steal them. The jury was free to weigh that claim against other testimony in the case and then draw its own conclusions about Lewis's intent.

{¶14} Lewis's first assignment of error is overruled.

## Lewis's Trial Counsel Did Not Provide Ineffective Assistance

{¶15} In her second assignment of error, Lewis argues that her trial counsel was ineffective by failing to object to the State's questions and the closing argument discussed above.

**{¶16}** To prevail on a claim of ineffective assistance, a defendant must satisfy a familiar two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Second, the defendant must show prejudice, which means that the defendant must be able to demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 694.

**{¶17}** We have already concluded that the State's questioning and closing argument were not improper. That necessarily means that Lewis's trial counsel cannot be faulted for failing to object. *See State v. Elliott*, 2024-Ohio-3376, ¶ 148 (10th Dist.) ("Trial counsel is not ineffective for failing to object to admissible testimony"); *State v. Alford*, 2024-Ohio-4637, ¶ 80 (5th Dist.) (where "the prosecutor's comments were well within the boundaries of commentary on the evidence, . . . trial counsel's performance did not fall below an objective standard of reasonable representation by failing to object").

**{¶18}** Lewis's second assignment of error is overruled.

**{¶19}** For the reasons explained above, the judgment of the Fairfield County Municipal Court is affirmed. Costs are to be paid by Appellant Jennifer Lewis.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.