[Cite as *State v. Hammonds*, 2026-Ohio-2295.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

STATE OF OHIO,

    Plaintiff - Appellee

-vs-

RANDELL LIONEL HAMMONDS,

    Defendant - Appellant

Case Nos. 25CA0049, 25CA0050, and 25CA0051

Opinion & Judgment Entry

Appeal from the Court of Common Pleas of Guernsey County, Case Nos. 24CR0123, 25CR0110, and 25CR0137

Judgment: Affirmed

Date of Judgment: June 17, 2026

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Mark A. Perlaky (Assistant Prosecuting Attorney), Cambridge, Ohio, for Plaintiff-Appellee; Todd W. Barstow, Newark, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1} Defendant Randell Hammonds challenges in these three related cases the prison sentences that he was ordered to serve after he pled guilty to several felony charges for offenses that he committed while he was on post-release-control (PRC) supervision. He argues here that the trial court, by not imposing the minimum sentences, failed to comply with Ohio's sentencing statutes that require a trial court to consider the purposes of felony sentencing, the seriousness of the offender's conduct, and the likelihood of recidivism. For the reasons explained below, we affirm the trial court's judgment.

**The Key Facts**

{¶2} In April 2024, Hammonds — while under PRC supervision — attempted to sell a stolen vehicle. He was indicted in July 2024 on a felony receiving-stolen-property charge, but he did not appear for his arraignment and then did not report to his parole

officer for several months. An arrest warrant for Hammonds was issued in Guernsey County, and — after a high-speed vehicle chase during which Hammonds traveled left of center and struck another vehicle — he was arrested in April 2025.

**{¶3}** Additional indictments followed, and eventually Hammonds pled guilty to the receiving-stolen-property charge (a fourth-degree felony) and also to an escape charge (a fifth-degree felony) and a failure-to-comply charge (a third-degree felony).

**{¶4}** At the sentencing hearing, the State recommended an aggregate prison term of 64 months on the three charges, while defense counsel recommended an aggregate prison term of 36 months. (Those recommendations did not address any additional prison time that the trial judge could impose under R.C. 2929.141(A)(1) as a result of Hammonds's commission of new felony offenses while he was under PRC supervision.)

**{¶5}** In the end, the trial judge imposed an aggregate 54-month prison term on the charges (30 months on the F3 charge, 13 months on the F4 charge, and 11 months on the F5 charge, with all of those running consecutively). The judge also terminated Hammonds's PRC period and imposed an additional consecutive 12-month prison term under R.C. 2929.141(A)(1). Hammonds has appealed, arguing that he was sentenced too harshly.

## Hammonds's Failure to Object in the Trial Court Limits Our Review of the Sentence Here

**{¶6}** In his sole assignment of error, Hammonds argues that the sentence imposed by the trial court does not comport with Ohio's sentencing statutes.

**{¶7}** When a felony sentence is challenged at this court, we are permitted to "increase, reduce, or otherwise modify" the sentence (or to remand the case to the trial court to do any of those things) if and only if "clear[] and convincing[]" evidence indicates

that the trial court's sentencing-related findings are not supported by the record or if the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2).

{¶8} When considering whether that latter phrase — the "otherwise contrary to law" language — applies to a trial court's sentence, though, we are not permitted to overturn or alter the sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 [explaining the overriding purposes of felony sentencing] and 2929.12 [directing the trial court to consider various factors tied to the seriousness of the crime in question as well as various other factors relevant to the likelihood that the defendant will commit other crimes in the future]." *State v. Jones*, 2020-Ohio-6729, ¶ 29. *See also State v. Ogden*, 2025-Ohio-1168, ¶ 14 (4th Dist.) ("this court cannot review a felony sentence when appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12"); *State v. Truesdell*, 2024-Ohio-5376, ¶ 79 (1st Dist.) ("an appellate court may not independently weigh the evidence in the record and substitute its judgement for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12").

{¶9} Despite the limit on our reviewing authority spelled out in the Supreme Court's *Jones* decision noted just above, Hammonds does in fact urge us to find that his sentence is contrary to law because — in his view — the trial judge failed to adequately consider the sentencing factors listed in R.C. 2929.11 and 2929.12.

{¶10} And even before we turn to the merits of that argument, we note that Hammonds did not object at the sentencing hearing once the trial judge announced the sentence. That misstep now poses a significant hurdle for him because, as we reiterated just last year, "[a]n error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited

absent plain error." *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

{¶11} After the trial judge announced the sentence that Hammonds was to serve, the judge asked the State and Hammonds's counsel whether there were any other matters that needed to be addressed. Hammonds's counsel said there were none. That brief exchange tells us that Hammonds was given "a meaningful opportunity to express the concerns that [he] now raises here." *Bright* at ¶ 9. In light of that fact, and because Hammonds did not object to the sentence imposed, we review Hammonds's sentence solely for plain error.

## We See No Plain Error in the Sentence

{¶12} "To constitute plain error, an error 'must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection.'" *Id*. at ¶ 10, quoting *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶13} To achieve the "overriding purposes of felony sentencing" — protecting the public from future crime, punishing the offender, making whole any victims and the public, and rehabilitating the offender, all of which are to be accomplished with the least onerous and least costly sanctions available — the trial court should "consider the need for incapacitating the offender, deterring the offender and others from future crime,

rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

{¶14} And listed in R.C. 2929.12 are several factors that trial courts in felony cases must consider when weighing not only the seriousness of the offender's conduct but also his or her likelihood for committing future crimes. That statutory provision also makes plain that the trial court retains "discretion to determine the most effective way to comply" with the lofty overriding purposes described in R.C. 2929.11. See R.C. 2929.12(A).

{¶15} "Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons . . . for imposing a particular sentence within the statutory range." *State v. Webb*, 2019-Ohio-4195, ¶ 17 (5th Dist.). The Revised Code also does not require that the trial court "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000), citing R.C. 2929.12.

{¶16} In this case, a presentence investigation was conducted by the trial court's probation staff, and the resulting presentence report was reviewed by the trial judge and by counsel for both parties before the sentencing hearing. A standardized risk-assessment tool administered to Hammonds by the probation staff as part of the presentence process placed Hammonds in the "high risk" category for likelihood of reoffending.

{¶17} Then at the sentencing hearing, the trial judge noted that Hammonds was on PRC supervision when he committed his three new felony offenses. The trial judge, before announcing the sentence, also mentioned aloud that he had considered Hammonds's past criminal convictions and his juvenile-delinquency adjudications. The

trial judge determined, as well, that Hammonds had failed to respond favorably to court sanctions imposed in the past and that a pattern of drug or alcohol abuse had played a role in at least some of the new offenses.

{¶18} The trial judge spoke at the sentencing hearing, too, about the particular facts surrounding the latest offenses, and his remarks indicate that he took into account the additional sentencing factors that courts, under R.C. 2921.331(C)(5)(b), are to consider when sentencing an offender for an F3 failure-to-comply offense. As part of that analysis, the judge noted that law-enforcement officers had pursued Hammonds through three counties at a high rate of speed and that Hammonds had committed multiple moving violations during the pursuit.

{¶19} The trial judge mentioned aloud, too, that he had reviewed a victim-impact statement that had been provided to him in connection with the receiving-stolen-property charge. And the trial judge also noted a factor that worked in Hammonds's favor: an expression by Hammonds of what appeared to be genuine remorse for his latest crimes.

{¶20} In the end, the prison terms imposed by the trial judge for each of the three offenses were within the permissible statutory ranges set by R.C. 2929.14(A), and none of those definite prison terms was set at the maximum length that could have been imposed for the crimes.

{¶21} As for the judge's order that the three prison terms be served consecutively, we note that any prison term for the F3 failure-to-comply offense committed by Hammonds had to be, under R.C. 2921.331(D), imposed "consecutively to any other prison term . . . imposed upon the offender," so the trial judge had no discretion to run that particular sentence concurrently with the others. And, in addition, the judge stated aloud and incorporated into the sentencing entry the necessary R.C. 2929.14(C)(4)

findings that can justify a trial court's imposition of consecutive prison terms in general, and of course R.C. 2929.141(A)(1) dictated that the additional 12-month prison term that Hammonds received for committing new felony offenses while on PRC supervision had to be imposed "consecutively to any prison term imposed" for the new crimes.

{¶22} We see no error — and certainly no plain error — in the sentences imposed by the trial court. Given that the judge complied with the applicable sentencing statutes, we have "no basis for concluding" that the sentences are contrary to law. *State v. Hess*, 2024-Ohio-2842, ¶ 33 (5th Dist.). *See also State v. Boyd*, 2025-Ohio-984, ¶ 53 (2d Dist.) ("A [felony] sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12").

{¶23} For these reasons, the judgment of the Court of Common Pleas of Guernsey County is affirmed. Costs are to be paid by Appellant Randell Hammonds.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.

_____
HON. DAVID M. GORMLEY

_____
HON. CRAIG R. BALDWIN

_____
HON. KEVIN W. POPHAM